**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CHARLES DEREK ROHR** **PLAINTIFF**

**V.** **NO. 4:26-cv-01158-LPR-ERE**

**COLEMAN, *et al.*** **DEFENDANTS**

**ORDER**

*Pro se* plaintiff Charles Derek Rohr, an inmate at the Pulaski County Detention Center ("Detention Center"), filed this 42 U.S.C. § 1983 case. *Doc. 3*. Because Mr. Rohr's original complaint is deficient, I will postpone the screening process to give Mr. Rohr the opportunity to file an amended complaint clarifying his constitutional claims.[1] If Mr. Rohr fails to file an amended complaint, I will screen his original complaint, which will likely result in the dismissal of several of Mr. Rohr's claims.

## I. Pleading Deficiencies

### A. Complaint Allegations

Mr. Rohr's complaint alleges that, on September 26, 2026, while he was

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept as true the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

incarcerated at the Detention Center: (1) another inmate violently attacked him; (2) Defendant Coleman failed to intervene to stop the attack; (3) Defendant Coleman violated Detention Center policy by failing to call a "code 4" during the attack; and (4) unidentified Detention Center officers violated Detention Center policy by failing to properly investigate the attack and punish the inmate attacker. He sues Deputy/Jailer Coleman, Sergeant McKenna, an unidentified Jail Administrator, and Sheriff Higgins in their official capacities only seeking money damages.

**B. Personal Involvement**

Mr. Rohr's complaint fails to allege facts to show how Defendants McKenna, Sheriff Higgins, or the unidentified Jail Administrator personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Rohr's complaint fails to state a plausible constitutional claim against these individuals.

To the extent that Mr. Rohr seeks to hold any Defendant liable for the actions of his subordinates, such a claim would not survive screening. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d

637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

**C. Violation of Detention Center Policy**

Mr. Roh's complaint alleges that: (1) Defendant Coleman violated Detention Center policy by failing to call a "Code 4" during the underlying attack; and (2) other unidentified Detention Center staff violated Detention Center policy by failing to adequately investigate the attack and properly punish the inmate attacker. However, the law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

**D. Official Capacity Claims**

Under the law, Mr. Rohr's official capacity claims are treated as claims against Pulaski County. *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Pulaski County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id. at 800-01* (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)). However, Pulaski County can face § 1983 liability

when its own policies, customs, or practices cause constitutional deprivations. *Brewington*, 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Rohr's complaint contains no allegations suggesting that a Pulaski County policy, practice, or custom caused his injury. As a result, the current complaint fails to allege facts to support a plausible official capacity claim.

## II. Guidelines for Filing Amended Complaint

Mr. Rohr has thirty days to file an amended complaint. If Mr. Rohr files an amended complaint, he should: (1) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (2) explain how each Defendant personally violated his constitutional rights; (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct; and (4) state in what capacity he intends to sue each Defendant.

Mr. Rohr's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000) (holding that an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Rohr should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Rohr should not rely upon, or incorporate by reference, any

allegations made in his complaint. In other words, Mr. Rohr's amended complaint, if filed, will stand alone.

Finally, Mr. Rohr's amended complaint need include only a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence he may rely on later to prove his claim.

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Mr. Rohr may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Rohr fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some of Mr. Rohr's claims.

3. The Clerk is instructed to provide Mr. Rohr a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

DATED 23 October 2026.

UNITED STATES MAGISTRATE JUDGE